IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PETER A. SCHIAVO,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   ) Civ. Action No. 12-893-GMS
                                           )
PHILLIP MORGAN, et al.,                    )
                                           )
            Defendants.                    )

## MEMORANDUM

The plaintiff, Peter A. Schiavo ("Schiavo"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983, followed by an amended complaint on July 20, 2012.[1]  (D.I. 2, 4.)  He proceeds

*pro se* and has been granted leave to proceed *in forma pauperis*.  The court proceeds to review

and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Schiavo began his incarceration on March 7, 2012.  Since that time, he has not seen a

physician for mental health care and has not been administered required medications.  In

addition, he has a shoulder condition that requires surgical intervention, but the surgery has not

yet taken place.  Finally, Schiavo complains, in general, of the conditions of confinement.  He

seeks compensatory damages and injunctive relief.  (*See* D.I. 2, 4.)  Schiavo also seeks counsel.

(D.I. 6.)

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Schiavo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

However, before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

must grant Schiavo leave to amend his complaint unless amendment would be inequitable or

futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When

determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a

claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,

but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine

whether the facts alleged in the complaint are sufficient to show that Schiavo has a "plausible

claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Schiavo's

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

---

[2]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

3

the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

The complaint names as defendants Phillip Morgan ("Morgan"), Oluyemi Awodiyu ("Awodiyu"), and Brian Passalaoua ("Passalaoua").  A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).  A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are no allegations in the complaint directed toward the foregoing defendants and the complaint speaks in generalities.  Hence, the complaint and its amendment fail to state claims against Morgan, Awodiyu and Passalaoua.

Therefore, the court will dismiss the claims against Morgan, Awodiyu and Passalaoua for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  However, since it appears plausible that Schiavo may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend.  *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not

4

published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B. Eleventh Amendment Immunity

HRYCI and its Mental Health and Medical Department are named as defendants. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). HYRCI and its Mental Health and Medical Department fall under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D. Del. 1991). Accordingly, the HYRCI and its Mental Health and Medical Department, two entities that fall under the umbrella of the Delaware Department of Correction, are immune from suit.

Therefore, the court will dismiss the claims against the HYRCI and its Mental Health and Medical Department as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Request for Counsel

Schiavo requests counsel on the grounds that he cannot afford to retain counsel and he know nothing about the legal aspects of his case. (D. I. 6.) A *pro se* litigant proceeding *in forma*

5

*pauperis* has no constitutional or statutory right to representation by counsel.[3]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57.

After reviewing plaintiff's request, the court concludes that the case is not so factually or legally complex that representation by an attorney is warranted. To date, the filings in this case demonstrate plaintiff's ability to articulate his claims and represent himself. Moreover, this case is in its early stages and the complaint, as it now stands, fails to state a claim upon which relief may be granted. Thus, in these circumstances, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 6.) Should the need for counsel arise later, the issue can be addressed at that time.

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

## IV.  CONCLUSION

For the above reasons, the court will deny the request for counsel without prejudice to renew and will dismiss the complaint and its amendment as frivolous and for failure to state a claim upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Schiavo will be given leave to amend.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Nov 14 , 2012
Wilmington, Delaware